# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-55-FDW

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JAY VANNOY, DAVID B. FREEDMAN, ) | |
| TOM E. HORNE, LEIGH C. BRICKER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. (Doc. No. 1).

**I. BACKGROUND**

Pro se Plaintiff Robert Johnson is a North Carolina state court inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff is serving a sentence of 313 to 385 months imprisonment after being convicted of second-degree murder in Wilkes County Superior Court on June 1, 2010. Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 on April 24, 2014, naming the following persons as Defendants: Jay Vannoy and David B. Freedman, both identified as Plaintiff's defense counsel at all relevant times; Tom E. Horne, identified as the Wilkes County District Attorney at all relevant times; and Leigh C. Bricker, identified as the Wilkes County Assistant District Attorney at all relevant times. In the Complaint, Plaintiff raises numerous claims, contending that he was wrongfully convicted for second-degree murder. (Doc. No. 1 at 1). For instance, he contends that defense counsels Defendants Vannoy and Freedman

-1-

provided ineffective assistance of counsel. (Id. at 6). Plaintiff also contends that the prosecution withheld evidence that was favorable to him. (Id.). Plaintiff states that, as relief, he is seeking a new trial and compensatory damages. (Id. at 7-8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court has determined that the Complaint must be dismissed as barred by the principles in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Here, Plaintiff is challenging his underlying state court conviction and consequent imprisonment. Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Thus, this Section 1983 action is dismissed as barred by <u>Heck</u>.[1]

## IV.  CONCLUSION

For the reasons stated herein, the Court will dismiss the Complaint.

---

[1] Normally a dismissal based on <u>Heck</u> is without prejudice. However, even if this action were not <u>Heck</u>-barred, Plaintiff's claims against Defendants would be subject to dismissal with prejudice. Defendants Horne and Bricker enjoy absolute prosecutorial immunity from suit. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). As to defense counsels Vannoy and Freedman, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. <u>See</u> <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312 (1981); <u>see also</u> <u>Davidson v. Ratliff</u>, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED**.

The Clerk is directed to terminate the case.

Signed: September 29, 2014

Frank D. Whitney
Chief United States District Judge